Filed 7/21/26  Sedaghat v. Estrada CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SOHEIL SEDAGHAT, | B346208 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV32605) |
| v. | |
| IRVING R. ESTRADA et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Soheil Sedaghat, in pro. per., for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Assistant City Attorney, and Merete Rietveld, Deputy City Attorney, for Defendants and Respondents.

1

Soheil Sedaghat (appellant) appeals from the trial court's order granting respondents City of Los Angeles and Deputy City Attorney Irving Estrada's (collectively, the city) motion brought pursuant to Code of Civil Procedure section 425.16 (section 425.16 or the anti-SLAPP statute).

Appellant has failed to provide a statement of facts or procedural history of the case, as required by California Rules of Court, rule 8.204(a)(2). Appellant accuses the city of extortion, illegal abusive conduct, and abuse of process, without explaining the conduct in question or how it constitutes such illegal activity. Because appellant has failed to provide cogent argument, his claims on appeal are forfeited. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'"].)

Appellant is not exempt from these rules because he is representing himself on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) Because appellant has failed to follow the rules of appellate procedure, his challenges on appeal are forfeited. (*Id.* at p. 1247.) We therefore affirm the trial court's order.

Because the city has provided a thorough statement of facts, procedural history, and citations to relevant facts in the record, we provide a brief explanation of the trial court's order below.[1]

---

[1] Appellant has failed to provide a reply brief in this appeal, so has failed to respond to any of the city's arguments.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Previous lawsuit

On June 10, 2022, appellant filed a lawsuit against the city, the Los Angeles Police Department, and various police officers alleging false arrest and related claims in Los Angeles Superior Court case No. 22STCV19075. During that litigation, appellant failed to appear for his noticed deposition, and the city, represented by Estrada, moved to compel appellant's attendance and sought monetary sanctions. The motion was granted and the city awarded $1,025 in sanctions and costs. Appellant was ordered to appear for his deposition.

Appellant was uncooperative in the discovery process, and the city moved for terminating sanctions. The trial court denied the motion but awarded the city $500 in monetary sanctions, even though appellant had not yet paid the previously ordered sanctions. The city's second motion for terminating sanctions was granted.

### II. Current lawsuit

On December 11, 2024, appellant filed the complaint in this matter against the city, alleging causes of action for civil extortion, intentional infliction of mental and emotional distress, violation of Rules of Professional Conduct to obtain an advantage in a legal proceeding, abuse of process, and violation of civil rights under title 42 United States Code sections 1983 and 1985. Appellant alleged in case No. 22STCV19075 the city "unjustly demanded payment of $2,450.00 … to continue with certain proceedings or to remove pleadings asking for terminating sanctions against [appellant]." Appellant sought compensatory damages, punitive damages, and "[i]njunctive relief for an order to establish an account in trust, in the amount of TWENTY

MILLION DOLLARS, to be used by indigent litigants that are forced for variety of reasons to represent themselves, for purpose of payment of attorney fees."

The city moved to strike the complaint under the anti-SLAPP statute. The city argued appellant's claims were based entirely on actions the city took defending the city and its police officers in Los Angeles Superior Court case No. 22STCV19075. The city submitted evidence that the trial court in that matter ordered appellant to pay over $2,000 in sanctions, which were never paid. As appellant's claims in the present matter are based entirely on the city's communication in the underlying litigation, the claims arose out of the city's constitutionally protected right to petition and were subject to being stricken under the anti-SLAPP statute. The city further argued appellant had no probability of prevailing on his claims for extortion, intentional infliction of emotional distress, violation of the Rules of Professional Conduct, and abuse of process, as all were barred by the litigation privilege. The city also argued, among other things, appellant failed to comply with the Government Claims Act. (Gov. Code, § 900 et seq.)

Appellant opposed the motion and argued the city's speech was not protected because it constituted coercion and extortion.

Appellant did not appear for the hearing on the city's anti-SLAPP motion. The trial court found the city met its burden of establishing appellant's causes of action arose from protected activity. Appellant made no arguments establishing the merits of the underlying claims; thus he failed to establish a probability of success on the merits. The trial court granted the anti-SLAPP motion.

4

Appellant timely appealed.[2]

## DISCUSSION

"'We presume [the trial court's] ruling is correct, and [appellant has] the burden of showing error on appeal.'" (*Pacific Bell Telephone Co. v. County of Placer* (2025) 111 Cal.App.5th 634, 640.) "Appellant[] must make sufficient arguments to establish trial court error ...." (*Ibid.*) We will not develop appellant's arguments for him. (*Ibid.*)

Appellant has failed to meet his burden of showing error on appeal. Appellant has failed to comply with the California Rules of Court and has failed to support his arguments on appeal with reasoned argument. (*Nelson v. Avondale Homeowners Assn., supra*, 172 Cal.App.4th at p. 862.)

As set forth above, appellant's status as a litigant in propria persona does not excuse his failure to comply with these requirements regarding the contents of his brief. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at p. 1246.)

Because appellant's opening brief fails to provide factual background or cogent argument supported by legal analysis on the relevant issues, appellant has forfeited any purported arguments on appeal, and we decline to address them.

---

[2] The court later entered judgment against appellant in this matter. However, "[a]n order granting an anti-SLAPP motion as to the entire complaint is itself a judgment," therefore is appealable. (*WasteXperts, Inc. v. Arakelian Enterprises, Inc.* (2024) 103 Cal.App.5th 652, 658, fn. 4.)

**DISPOSITION**

The trial court's order striking the complaint pursuant to section 425.16 is affirmed.  The parties are to bear their own costs of appeal.

CHAVEZ, Acting P. J.

We concur:

RICHARDSON, J.

GOORVITCH, J.